UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **PEERLESS INSURANCE COMPANY,** )<br>　　　　PLAINTIFF )<br>)<br>v. )<br>)<br>**JEFFREY VIGUE,** )<br>　　　　DEFENDANT )<br>)<br>AND )<br>)<br>**JEREMIAH CARLETON,** )<br>　　　　DEFENDANT AND )<br>　　　　THIRD-PARTY PLAINTIFF )<br>)<br>v. )<br>)<br>**GHM AGENCY, INC.** AND )<br>**JAMES SANBORN,** )<br>　　　　THIRD-PARTY DEFENDANTS ) | CIVIL NO. 08-336-P-H |

ORDER ON DEFENDANT/THIRD-PARTY PLAINTIFF
CARLETON'S MOTION TO REMAND

The motion to remand is **DENIED**.

I cannot remand this case to state court because it was not removed from state court. 28 U.S.C. § 1447(c). It was filed here. There can, of course, be a motion to dismiss the lawsuit. Fed. R. Civ. P. 12(b)(1). But first, counsel may want to consider that there appears to be proper diversity of citizenship jurisdiction with respect to whether the insurance policy issued by the plaintiff covers the two defendants. 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519

U.S. 61, 66-67 n.1 (1996).  That is the subject of the declaratory judgment complaint that the insurance company filed in this court.

Now, one defendant has filed a third-party complaint against others.  I may decide to dismiss that third-party complaint under 28 U.S.C. § 1367(a) or (c).  (As the plaintiff argues, (b) does not seem applicable by its text.  See United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492-93 (4th Cir. 1998).)  Right now, that third-party complaint seems to be a hodge-podge of claims, many of which probably should have been pleaded as counterclaims against the insurance company because they seek reformation of the insurance policy.  See Fed. R. Civ. P. 13.  Perhaps this defendant intended to file this pleading as a third-party counterclaim under Federal Rule of Civil Procedure 13(h), but he did not, instead filing it as a third-party complaint under Rule 14.  Reply to Pl.'s Opp'n to Def.'s Mot. to Remand at 2 (Docket Item 16).

In short, there is a clear dispute over coverage that is properly in this court.  What is unclear is the state of the pleadings.  The question whether one defendant may have other claims for relief against others may or may not belong here.  I suggest that counsel confer among themselves and consider some revision of the pleadings.

**SO ORDERED.**

**DATED THIS 21ST DAY OF NOVEMBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2